O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| MICHAEL TIPTON,<br>          Plaintiff,<br>     v.<br>WALMART INC., et al.,<br>          Defendants. | Case № 2:21-cv-02952-ODW (JPRx)<br><br>**ORDER REMANDING ACTION** |

## I.     INTRODUCTION AND BACKGROUND

Plaintiff Michael Tipton filed this employment discrimination and retaliation action in the Superior Court of California, County of Los Angeles, against Defendants Walmart, Inc. and Brendan Talbott.  (Notice of Removal ("NOR"), Ex. A ("Complaint" or "Compl."), ECF No. 1-1.)  Tipton asserts eight causes of action against Walmart related to his termination and a single cause of action for defamation against his former supervisor, Talbott.  (*Id.*)  Walmart removed the action based on alleged diversity jurisdiction despite Tipton's allegation that Talbott is a resident of California.  (*See* Compl. ¶ 3.)  On April 12, 2021, the Court ordered Walmart to show cause for why this action should not be remanded for lack of subject matter jurisdiction.  (Min. Order, ECF No. 11.)  On April 19, 2021, Walmart filed a

Response, which curiously only addresses the amount in controversy requirement. (*See* Response, ECF No. 13.)[1]

Nevertheless, after reviewing Walmart's Notice of Removal and Tipton's Complaint, the Court finds that it lacks subject matter jurisdiction over this action because the parties are not completely diverse.[2] Consequently, the Court **REMANDS** this action to state court. *See* 28 U.S.C. § 1447(c).

## II.  LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* The court must remand the action *sua sponte* "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *United Inv'rs*, 360 F.3d at 967.

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[2] For jurisdictional allegations, the Court looks to the Complaint and Notice of Removal, because diversity jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002).

### III.  DISCUSSION

Walmart invokes diversity as the basis of the Court's subject matter jurisdiction. (NOR ¶ 11.) The Supreme Court has "consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

"An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a 'sham' non-diverse defendant." *Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1241 (C.D. Cal. 2015). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).  There is a strong presumption against fraudulent joinder, and thus, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials*, 494 F.3d at 1206.

Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).  This is because the standard for establishing fraudulent joinder is more exacting than that for dismissal for failure to state a claim. *Id.* at 549. "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

1    Here, Walmart attempts to invoke diversity jurisdiction because Tipton is a California citizen, and Walmart is considered a citizen of Delaware and Arkansas. (NOR ¶ 18.) In its Notice of Removal, Walmart does not identify Talbott's citizenship and instead asserts that the Court should disregard his citizenship because he was fraudulently joined. (NOR ¶¶ 13–16.) However, Walmart fails to show there is no possibility that Tipton can state a claim against Talbott.

Walmart argues that Tipton's allegations are insufficient to state a cause of action for defamation against Talbott; however, this argument is unavailing. Walmart must do more than merely show Tipton's allegations are insufficient because the standard to establish fraudulent joinder is more exacting than that under Rule 12(b)(6). *See Grancare*, 889 F.3d at 549–50 (discussing that a defendant must show by clear and convincing evidence that there is *no possibility* a plaintiff could recover against a non-diverse defendant to establish fraudulent joinder). And even assuming Tipton's allegations are insufficient, Walmart fails to establish that Tipton could not cure any potential deficiency in a future amendment. *See id.* at 550 ("[T]he district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."); *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL (ASx), 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) (emphasis added) (quoting *Hunter*, 582 F.3d at 1044) ("If there is 'any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint,' *or in a future amended complaint*, 'the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.'").

In short, Walmart fails to show by clear and convincing evidence that there is no possibility Tipton could state a claim against Talbott. Accordingly, the Court finds that Talbott was properly joined, and the Court cannot disregard his citizenship. As there is not complete diversity, the Court must remand. *See Gaus*, 980 F.2d at 566.

## IV. CONCLUSION

For the reasons discussed above, the Court **REMANDS** this action to the Superior Court of California, County of Los Angeles, 111 N. Hill Street, Los Angeles, California, 90012, Case No. 21STCV08266. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

April 20, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**